IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM KABUTU,<br><br>               Plaintiff,<br><br>vs.<br><br>ROBERT CHISHOM,<br>in his individual capacity<br><br>               Defendant. | Case No. 2:21-cv-02340-TC-KGG |

**MEMORANDUM & ORDER ON**
**MOTION FOR APPOINTMENT OF COUNSEL**

The Plaintiff, William Kabutu, filed a motion for appointment of counsel (Doc. 4) with this court. To begin, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to

1

afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the court recognizes that the Plaintiff has a job and money in his bank account. In his affidavit of financial status, he indicated that he has $8100 of cash on hand and has a job which brings in approximately $550 per week. However, his affidavit included significant expenses such as child support, rental payments, IRS debt, and various other obligations. So, there are some barriers to affording counsel, but not certainly not impossible.

The second factor relates to the Plaintiff's diligence in searching for counsel. The Plaintiff used the form motion provided by this District which states that he must "confer with (not merely contact) at least five attorneys regarding legal representation." (Doc. 4). In his motion, it does not appear that he actually

2

conferred with the attorneys, but rather sent an email detailing his case and never received a response. Granted, he is on house arrest and unable to travel outside his home, but he still has the ability to have consultations over the phone. Plaintiff's diligence in seeking counsel does not weigh in his favor.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. In essence, the Plaintiff alleges that the Defendant (Detective Robert Chisholm) seized his cellphone in violation of his constitutional rights. The court has reviewed the complaint and concludes that the Plaintiff may have a colorable claim. *See Poolaw v. Marcantel*, 565 F.3d 721, 729-732 (10th Cir. 2009) (holding that a seizure of property violated the constitutional rights of the plaintiff).

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422. The court notes that § 1983 claims are often complex. *See, e.g., Lee v. City of Topeka*, No. 10–4126–CM, 2011 WL 720191, at *2 (D. Kan. Feb. 22, 2011) (noting § 1983 claims are often complex). However, in this case, there is only one defendant and it pertains to a specific issue—whether a cellphone was seized in violation of the Constitution, which does not require a heighten level of legal sophistication.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

Dated at Wichita, Kansas, on this 25th day of August 2021.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge