IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM KABUTU,

                  *Plaintiff,*

          vs.                           Case No. 21-2340-EFM

ROBERT CHISHOLM,

                  *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff William Kabutu brings the present 42 U.S.C. § 1983 action against a police detective who participated in the criminal investigation which led to the State of Kansas prosecuting him for first degree murder in the death of his two-year-old son,[1] Plaintiff alleges that Wichita Police Department Detective Robert Chisholm unlawfully seized his cellphone during the investigation into the July 7, 2020 death of his son. Plaintiff has also brought a separate action,[2] seeking to enjoin the criminal prosecution. Defendant has moved to dismiss this § 1983 claim on  grounds of qualified immunity.

---

[1] *State v. Kabutu*, No. 2020-CR-001413 (Sedgwick County).

[2] *Kabutu v. Short*, No. 21-2407-EFM-KGG (D. Kan.).

# I.    Factual and Procedural Background

In his Complaint, Kabutu claims that Wichita Police unlawfully seized his cellphone, which they subsequently accessed by a fraudulent search warrant. More particularly, he claims that Detective Chisholm illegally seized his phone at some point after Wichita Police Department officers arrived at his trailer residence following his report that his son had drowned.

After officers arrived at the scene, Wichita Police Captain Jason Stephens told Plaintiff that they would begin work on a search warrant for a blood draw. Chisholm asked Plaintiff for permission to access the cellphone he was seen using. Plaintiff responded that he would not give out the password in the absence of a search warrant. Wichita Police Officer Cody McCall drove Plaintiff to St. Francis for the blood draw.

Chisholm meanwhile obtained a search warrant, and met with Plaintiff at the hospital at approximately 3:30 a.m. on July 8, 2020. After the blood draw, McCall drove Plaintiff back to his trailer at 5:16 a.m. There, Chisholm presented Plaintiff with the search warrant for the cellphone's password. However, Plaintiff still refused to supply the password.

On July 10, 2020, Plaintiff was charged with first degree murder in Sedgwick County District Court. While officers were booking Plaintiff, Chisholm arrived at the scene and again asked for the password. Plaintiff refused.

Kabutu alleges he discovered, several months later, that some information from his Google account had been deleted without his knowledge or permission. He alleges that this information might have provided exculpatory evidence by showing his location in the time preceding the death of his son.

Much of the Complaint is devoted to Plaintiff's dissatisfaction with his defense attorneys in the criminal action. Plaintiff complains the attorneys failed to obtain the return of the cellphone, and failed to argue that the seizure warrant was invalid.

## II.    Legal Standard

Public officers enjoy a qualified immunity to suit under § 1983, which applies "unless their conduct was unreasonable in light of clearly established law." "If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation."[3]

Once a defendant officer asserts qualified immunity, the burden is on the plaintiff to prove (1) the officer violated a federal constitutional or statutory right, and (2) that the right was clearly established at the time of the unlawful conduct.[4] A right is "clearly established" if Supreme Court or Tenth Circuit precedent (or the weight of

---

[3] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

[4] *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)

authority from other circuits) would put reasonable officers in the defendant's position on notice he was violating the constitution.[5] The law must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[6] This does not require the existence of a case exactly on point,[7] but does require that the existing caselaw be sufficiently clear to place the constitutional issue "beyond debate."[8] "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"

The Court has the discretion to determine the order in which these requirements are addressed;[9] immunity exists if either element is absent.[10] Only when a plaintiff satisfies this heavy burden must the defendant then satisfy the traditional summary judgment standard.[11] In determining whether the law was clearly established, the dispositive question is "whether the violative nature of *particular* conduct is clearly established," which "must be undertaken in light of the specific context of the case, not as a broad general proposition."[12]

---

[5] *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1210 (10th Cir. 2017).

[6] *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citation omitted).

[7] *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

[8] *White v. Pauly*, 137 S.Ct. 548, 551 (2017).

[9] *Pearson*, 555 U.S. at 236.

[10] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

[11] *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1212 (10th Cir. 2019)

[12] *Mullenix*, 136 S.Ct. at 308 (citations and quotation marks omitted) (emphasis in *Mullenix*.)

4

## III.    Analysis

Defendant argues that the cellphone was lawfully seized both as incident to Plaintiff's arrest and pursuant to a lawful warrant. In his response, Plaintiff argues that Defendant had no probable cause for seizing the phone as pursuant to an arrest, because he was not actually booked until two days afterwards. He argues that the warrant was invalid because it was not, he alleges, signed by a magistrate, citing authorities such as K.S.A. 21-5823 and 18 U.S.C. § 505.

Plaintiff's arguments do not provide a sufficient basis for defeating Chisholm's claim of qualified immunity.  Although Plaintiff was not finally booked on murder charges until July 10, he was at least held in temporary custody in the early morning hours of July 8, when the police required him to participate in a blood draw and escorted him to the hospital.  The statutes cited by Plaintiff are merely general state and federal anti-fraud statutes, they do govern or attempt to regulate how Kansas search warrants are executed. The Tenth Circuit has expressly held that neither the Fourth Amendment, nor any particular rule of criminal procedure, requires that search warrants be physically signed by the approving magistrate.[13]

The warrant here was issued in the early morning hours, apparently under exigent circumstances in order to document Plaintiff's physical condition at that moment.  Accordingly, there may well have been good reason to obtain an oral

---

[13] *United States v. Cruz*, 774 F.3d 1278, 1285-86 (10th Cir. 2014) (citing *United States v. Lyons*, 740 F.3d 702, 724-25 (1st Cir.), *cert. denied*, 134 S.C.t 2743 (2014)).

approval of the warrant. More importantly, Plaintiff has failed to supply any controlling precedent indicating that an officer in Detective Chisholm's position could not have reasonably relied on the warrant issued simply because it lacked a physical signature.

Further, the Complaint indicates that the cellphone was not initially seized by Defendant Chisholm, but by the officer who drove Plaintiff to the hospital. It was this officer who gave the phone to Chisholm at the hospital at 4:55 a.m.[14]

Plaintiff's argument that there was no probable cause for seizing the phone is unpersuasive. The Complaint itself indicates that Plaintiff had the cellphone and openly used it while officers were at the scene.[15] When officers arrived, Plaintiff was seen watching a gun cleaning and assembly video while holding another, four-year-old child.[16]

There appears to be little basis for Plaintiff's speculation that the police in general, let alone this Defendant, actually used the phone to somehow delete selective portions of Plaintiff's online information. The Complaint indicates that Plaintiff repeatedly refused the Chisholm's requests for the cellphone's password.[17] Plaintiff's response to the motion to dismiss fails to explain how the police would have been able to access his online information without having password access to the phone. In any

---

[14] Complaint, ¶ 49.

[15] *Id.* at ¶ 9.

[16] *Id.* at 11.

[17] *Id.* at 13.

event, Plaintiff supplies no reason at all to conclude that Detective Chisholm accessed the cellphone.

In sum, Defendant Chisholm received the cellphone from another officer, after Chisholm received a search warrant for the phone. There is nothing in Plaintiff's complaint which shows that Chisholm could or did access the information on the phone. Plaintiff has failed to show any controlling Tenth Circuit precedent establishing that a reasonable officer in Defendant's position could not have relied on the search warrant to take custody of Plaintiff's cellphone. The Court finds that Plaintiff has failed to show that Defendant violated a clearly established constitutional right under the particular circumstances of this case.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant (Dkt. 10) is hereby granted.

**IT IS SO ORDERED.**

This case is closed.

Dated this 14th day of December, 2021.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE