IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM KABUTU,

    *Plaintiff*,

vs.

Case No. 21-2340-EFM

ROBERT CHISHOLM,

    *Defendant*.

**MEMORANDUM AND ORDER**

The Court has dismissed Plaintiff's 42 U.S.C. § 1983 claim alleging misconduct by authorities involved in his state criminal prosecution, and Plaintiff has appealed. The matter is now before the Court on Plaintiff's motion seeking an order which would toll the statute of limitations for a future claim against the Defendant.

"It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals."[1] However, Plaintiff contends that the Court should at least issue an indicative decision under Fed. R. Civ. Pr. 62.1(a).[2] The Rule provides:

---

[1] *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998).

[2] Plaintiff's original motion expressly referenced Federal Rule "6.2," and he has separately moved for leave to amend his motion. (Doc. 22). However, both from the context of the present action and in the explicit briefing in the parallel action, *Kabutu v. Short*, No. 21-2407-EFM, it is obvious that Plaintiff's request is advanced under Rule 62.1. Amendment is unnecessary.

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

However, this is not an action in which the Court originally had jurisdiction but was subsequently deprived of it by the filing of a Notice of Appeal. Rather, as noted in the Order of December 14, 2021, because Plaintiff's action seeks to restrain an ongoing state criminal prosecution, the Court never had proper subject matter jurisdiction in the first place, and the action is subject to mandatory abstention under *Younger v. Harris*.[3]

To add to this double lack of jurisdiction, Plaintiff has supplied no authority for a court to preemptively and prospectively toll a statute of limitation for a claim that it lacks the present jurisdiction to entertain. Here, Plaintiff claims that the limitations period should be equitably tolled because the state seized his cell phone "under a fraudulent search warrant." But equitable tolling "is a fact intensive inquiry that depends on the totality of the circumstances present in a particular case."[4] The Court cannot resolve a factual dispute where it has no jurisdiction to even hear the underlying case.

---

[3] 401 U.S. 37 (1971).

[4] *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017).

An indicative ruling under Rule 62.1 is discretionary,[5] and given the circumstances noted above, the Court declines to issue such a ruling. Plaintiff's motion will be denied for lack of jurisdiction.

**IT IS ACCORDINGLY ORDERED** this 21st day of June, 2022, that the Plaintiff's Motion to Toll Time (Doc. 21) and for Leave to Amend (Doc. 22) are hereby **DENIED**.

**IT IS SO ORDERED.**

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *Mandalapu v. Temple Univ. Hosp.*, 796 Fed. App'x 152, 153 (3d Cir. 2020); *Castro v. United States*, 2020 WL 6121220, at *1 (N.D. Tex. 2020); *Optum, Inc. v. Smith*, 353 F.Supp.3d 127, 129-30 (D. Mass. 2019).